United States Courts
Southern District of Texas
FILED

*April 10, 2025*

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No.** <u>24-00543-01/14-CR-H-KPE</u> |
| Plaintiff, | |
| v. | **COUNT ONE** |
| | *Racketeering Conspiracy* |
| **(1) JOHN M. PFEFFER,** | 18 U.S.C. §§ 1962(d) and 1963(a) |
| **a/k/a "BIG JOHN,"** | NMT Life Imprisonment |
| | NMT $250,000 Fine |
| **(2) MICHAEL H. DUNPHY,** | NMT Five Years' Supervised Release |
| **a/k/a "MONEY MIKE,"** | Class A Felony |
| **(3) DARVI HINOJOSA,** | **COUNTS TWO, ELEVEN,** |
| **a/k/a "10 ROUND,"** | **FOURTEEN, & SIXTEEN** |
| | *Assault in Aid of Racketeering Activity* |
| **(4) JOHN SBLENDORIO,** | 18 U.S.C. §§ 1959(a)(3) and 2 |
| **a/k/a "TECH9,"** | NMT 20 Years' Imprisonment |
| | NMT $250,000 Fine |
| **(5) BRADLEY RICKENBACKER,** | NMT Three Years' Supervised Release |
| **a/k/a "DOLLA BILL,"** | Class C Felony |
| **(6) DAVID VARGAS,** | **COUNTS THREE, FOUR,** |
| **a/k/a "BRAKE CHECK" and "FIRST** | **TEN, & FIFTEEN** |
| **TIME,"** | *Using, Carrying, Brandishing, Discharging, and* |
| | *Possessing a Firearm During and* |
| **(7) ROY GOMEZ,** | *in Relation to a Crime of Violence* |
| **a/k/a "REPO,"** | 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 |
| | NLT 10 Years' Imprisonment (*Consecutive*) |
| **(8) CHRISTOPHER SANCHEZ,** | NMT Life Imprisonment |
| **a/k/a "MONSTER,"** | NMT $250,000 Fine |
| | NMT Five Years' Supervised Release |
| **(9) MARKY BAKER,** | Class A Felony |
| **a/k/a "GUERO,"** | |
| | **COUNTS FIVE & SEVEN** |
| **(10) RONNIE MCCABE,** | *Using, Carrying, Brandishing, and Discharging,* |
| **a/k/a "MEATHEAD,"** | *and a Firearm During and in Relation to a* |
| | *Crime of Violence Resulting in Death* |
| **(11) BRANDON K. HANTZ,** | 18 U.S.C. §§ 924(j)(1) and 2 |
| **a/k/a "LOCO" and "GUN DROP,"** | NLT 10 Years' Imprisonment (*Consecutive*) |
| | NMT Life Imprisonment or Death |
| **(12) SEAN G. CHRISTISON,** | NMT $250,000 Fine |
| **a/k/a "SKINMAN,"** | NMT Five Years' Supervised Release |

**(13) MARCEL LETT,**

and

**(14) JEREMY COX,**
**a/k/a "JD,"**

Defendants.

Class A Felony

**COUNT SIX**
*Murder in Aid of Racketeering Activity*
18 U.S.C. §§ 1959(a)(1) and 2
NLT Life Imprisonment
NMT Life Imprisonment or Death
NMT $250,000 Fine
NMT Five Years' Supervised Release
Class A Felony

**COUNTS EIGHT, NINE, & THIRTEEN**
*Attempted Murder in Aid of*
*Racketeering Activity*
18 U.S.C. §§ 1959(a)(5) and 2
NMT 10 Years' Imprisonment
NMT $250,000 Fine
NMT Three Years' Supervised Release
Class C Felony

**COUNT TWELVE**
*Conspiracy to Commit Murder in Aid*
*of Racketeering Activity*
18 U.S.C. §§ 1959(a)(5) and 2
NMT 10 Years' Imprisonment
NMT $250,000 Fine
NMT Three Years' Supervised Release
Class C Felony

**COUNT SEVENTEEN**
*Using, Carrying, Brandishing, and*
*Possessing a Firearm During and in*
*Relation to a Crime of Violence*
18 U.S.C. §§ 924(c)(1)(A)(ii) and 2
NLT 7 Years' Imprisonment (*Consecutive*)
NMT Life Imprisonment
NMT $250,000 Fine
NMT Five Years' Supervised Release
Class A Felony

**COUNT EIGHTEEN**
*Conspiracy to Distribute Cocaine*
21 U.S.C. §§ 841(a)(1), (b)(1)(C), & 846
NMT 20 Years' Imprisonment
NMT $1,000,000 Fine

2

NLT Three Years' Supervised Release
Class C Felony

**COUNTS NINETEEN, TWENTY,**
**TWENTY-ONE, & TWENTY-FOUR**
*Possession with Intent to Distribute*
*and Distribution of Cocaine*
21 U.S.C. § 841(a)(1) & (b)(1)(C)
NMT 20 Years' Imprisonment
NMT $1,000,000 Fine
NLT Three Years' Supervised Release
Class C Felony

**COUNT TWENTY-TWO**
*Arson of a Building Used in*
*Interstate Commerce*
18 U.S.C. §§ 844(i) and 2
NLT 5 Years' Imprisonment
NMT 20 Years' Imprisonment
NMT $250,000 Fine
NMT Three Years' Supervised Release
Class C Felony

**COUNTS TWENTY-THREE, TWENTY-**
**SIX, TWENTY-SEVEN, & THIRTY-ONE**
*Felon in Possession of a Firearm*
18 U.S.C. §§ 922(g)(1) and 924(a)(8)
NMT 15 Years' Imprisonment
NMT $250,000 Fine
NMT Three Years' Supervised Release
Class C Felony

**COUNTS TWENTY-FIVE & THIRTY**
*Possession of a Firearm in Furtherance*
*of a Drug Trafficking Crime*
18 U.S.C. § 924(c)(1)(A)
NLT 5 Years' Imprisonment (*Consecutive*)
NMT Life Imprisonment
NMT $250,000 Fine
NMT Five Years' Supervised Release
Class A Felony

**COUNT TWENTY-EIGHT**
*Receipt of a Firearm While*
*Under Indictment for a Felony*

3

18 U.S.C. §§ 922(n) and 924(a)(1)(D)
NMT 5 Years' Imprisonment
NMT $250,000 Fine
NMT One Year Supervised Release
Class E Felony

## COUNT TWENTY-NINE
*Possession with Intent to Distribute Five or
More Grams of Actual Methamphetamine*
21 U.S.C. § 841(a)(1) & (b)(1)(B)
NLT 5 Years' Imprisonment
NMT 40 Years' Imprisonment
NMT $5,000,000 Fine
NLT Four Years' Supervised Release
Class B Felony

## COUNT THIRTY-TWO
*Possession of a Firearm with an
Obliterated Serial Number*
18 U.S.C. §§ 922(k) and 924(a)(1)(B)
NMT 5 Years' Imprisonment
NMT $250,000 Fine
NMT One Year Supervised Release
Class E Felony

## COUNT THIRTY-THREE
*Tampering with a Witness,
Victim, or Informant*
18 U.S.C. § 1512(b)(1)
NMT 20 Years' Imprisonment
NMT $250,000 Fine
NMT Three Years' Supervised Release
Class C Felony

## COUNT THIRTY-FOUR
*Retaliation Against a Witness,
Victim, or Informant*
18 U.S.C. § 1513(b)(2)
NMT 20 Years' Imprisonment
NMT $250,000 Fine
NMT Three Years' Supervised Release
Class C Felony

## FORFEITURE ALLEGATION
18 U.S.C. §§ 1963 and 924(d)

4

$100 Special Assessment (Each Count)

## SECOND S U P E R S E D I N G  I N D I C T M E N T

**THE GRAND JURY CHARGES THAT:**

| Defendant | Counts |
|---|---|
| **(1) John M. Pfeffer** | 1–2, 4–5, 11, & FA |
| **(2) Michael H. Dunphy** | 1, 11, & FA |
| **(3) Darvi Hinojosa** | 1, 12–15, 18–21, & FA |
| **(4) John Sblendorio** | 12–15 |
| **(5) Bradley Rickenbacker** | 1–3 & FA |
| **(6) David Vargas** | 6–10 |
| **(7) Roy Gomez** | 1–2, 4–5, 27–28, & FA |
| **(8) Christopher Sanchez** | 1, 11, 16–17, 23, 26, & FA |
| **(9) Marky Baker** | 2–3, 29–32, & FA |
| **(10) Ronnie McCabe** | 2–3 |
| **(11) Brandon K. Hantz** | 1, 22, & FA |
| **(12) Sean G. Christison** | 24–25 & FA |
| **(13) Marcel Lett** | 2–3 & FA |
| **(14) Jeremy Cox** | 2–3 & FA |

## General Allegations

1.      At all times relevant to this Second Superseding Indictment, the defendants, **JOHN M. PFEFFER, a/k/a "BIG JOHN," MICHAEL H. DUNPHY, a/k/a "MONEY MIKE," DARVI HINOJOSA, a/k/a "10 ROUND," JOHN SBLENDORIO, a/k/a "TECH9," BRADLEY RICKENBACKER, a/k/a "DOLLA BILL," DAVID VARGAS, a/k/a "BRAKE CHECK"** and **"FIRST TIME," ROY GOMEZ, a/k/a "REPO," CHRISTOPHER SANCHEZ, a/k/a "MONSTER," MARKY BAKER, a/k/a "PINCHE GUERO"** and **"GUERO," RONNIE MCCABE, a/k/a "MEATHEAD," BRANDON K. HANTZ, a/k/a "LOCO"** and **"GUN DROP," SEAN G. CHRISTISON, a/k/a "SKINMAN," MARCELL LETT,** and **JEREMY COX, a/k/a "JD,"** together with others known and unknown to the Grand Jury, were members and associates of a criminal organization called the Bandidos Outlaw

5

Motorcycle Gang, which engaged in, among other things, acts of violence, namely, acts involving murder, robbery, arson, narcotics distribution, and witness intimidation. At all relevant times, the Bandidos Outlaw Motorcycle Gang operated in the Southern District of Texas and elsewhere.

## The Enterprise

2.      At all times relevant to this Second Superseding Indictment, the Bandidos Outlaw Motorcycle Gang, including its leaders, members, associates, and prospects, constituted an "enterprise" as defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact ("Bandidos OMG," "Bandidos," or "enterprise"). The enterprise constituted an ongoing organization whose leaders, members, associates, and prospects, functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## Structure and Operation of the Bandidos OMG

3.      The Bandidos OMG was an "outlaw" motorcycle organization comprised of individual chapters located in various cities in Texas and elsewhere. The Bandidos OMG identified itself as an outlaw motorcycle organization through the public display of the "1%" symbol. The "1%" symbol signified that the membership of this organization had chosen to be part of the very small fraction of motorcycle-riders who defy legal conventionality and consider themselves "outlaws" or lawbreakers. The Bandidos OMG membership referred to itself as a 1% club.

4.      The Bandidos OMG was an international organization. The Bandidos OMG had approximately 175 or more chapters in at least 20 countries—including Mexico—on five continents, with approximately 107 chapters in the United States, including approximately 42 chapters in Texas. The Bandidos OMG membership was estimated at between 1,500 and 2,000 members in the United States with an additional estimated 1,000 to 1,500 abroad.

5.      The Bandidos OMG in the United States was a highly organized criminal organization that adhered to a hierarchical chain of command both nationally and locally. National officers were the most powerful and influential members of the enterprise. National officers comprised the National Chapter and included the National President, National Vice President, National Secretaries/Treasurers, National Sergeant at Arms and other National ranking officers in regions throughout the United States and other countries. In addition to the National Chapter, a Nomad Chapter was located throughout the United States. The Nomad Chapter worked for the National Chapter and was involved in gathering intelligence for the Bandidos OMG and meeting with National officers to provide information that related to the enterprise. Local chapters were organized according to geographic location. To become established, each local chapter must have had at least five members and be approved by the National Chapter. The enterprise was operated through a strict chain of command. Each Bandidos OMG Chapter had a President, a Vice-President, a Secretary and/or Treasurer, and a Sergeant at Arms, along with members. Each officer had specific obligations to the enterprise.

6.      The Bandidos OMG was a closed organization. Allegiance to this organization and its fellow brothers was valued above all else. Bandidos OMG members were strictly prohibited from cooperating with law enforcement. Bandidos OMG members did not respect authority and had a disdain for the rules of society. Similarly, Bandidos OMG members did not permit any perceived disrespect to any member by a non-member. Any person perceived to have disrespected or hurt a Bandidos OMG member faced potential retribution from the Bandidos OMG membership.

7.      The Bandidos OMG was selective about admitting individuals into the enterprise. There was a lengthy process, often lasting more than five years, before one could become a "full-

7

patch" member, as defined below. This process was designed to guard against law enforcement infiltration into the enterprise. First, the prospective member was allowed to associate with enterprise members. After a period of time, the prospective member was identified as an official "hangaround." A "hangaround" can later become a "prospect," which began the formal initiation period and required sponsorship by a fully "patched" member. Prospects were obligated to do menial tasks for "patched" members. Ultimately, enterprise members voted on whether the "prospect" could become a full-patch member.

8.    An officially sanctioned Bandidos "support club" was a motorcycle club that wore a patch on their "cut" that said, "I support Bandidos Worldwide." A cut is a vest commonly made from leather or denim material depicting an affiliation with a specific OMG. Support clubs were expected to go to Bandidos events, buy Bandidos merchandise, or provide other financial support to Bandidos. Support club members were expected to assist a Bandidos member if they saw the Bandido involved in a fight. Support club members could be selected to prospect or become full-patch members.

9.    Other clubs which were friendly with the Bandidos but were not considered officially sanctioned support clubs wore different patches indicating their association with the Bandidos.

10.    Full-patch members were required to own a Harley Davidson motorcycle or facsimile and wear clothing with patches that symbolize their affiliation with the organization. These patches were commonly known as organization "colors." The color scheme for the Bandidos OMG patch utilized red letters on a gold (yellow) background. The colors consisted of an upper patch (top rocker patch) that identified the Bandidos OMG name, a center patch that contained the Bandidos OMG emblem (referred to as the "Fat Mexican"), and a bottom patch (bottom rocker

8

patch) that designated the State in which the member's chapter was located. Full-patch members also wore a diamond-shaped "1%" patch. The "1%" symbol had become the symbol of the outlaw biker. Members who wore their Bandidos OMG "colors" did so with the authority of the Bandidos OMG. Members were required to wear their "colors" when riding their motorcycles and when attending a "National Run" (a Bandidos event where members from all over the country meet in a predetermined location) or Bandidos OMG events.

11.     Bandidos OMG members were required to pay dues on a monthly basis. Support club members paid "donations" to the Bandidos OMG. These dues and donations were forwarded to the national leadership. Fines were also assessed on individual members at various times, with a portion of the proceeds being paid to the Bandidos OMG national leadership. The dues and fines helped fund the continued operation of the enterprise and were used for a variety of purposes, including payment of expenses of the national leadership, covering funeral expenses of members, contributing to a legal defense fund for members arrested for enterprise-related crimes, and paying costs associated with planned trips or "runs."

12.     The Bandidos OMG claimed Texas as their territory. In the state of Texas, the Bandidos OMG had ordered that no other motorcycle rider display on his clothing a "Texas" bottom rocker or a 1% patch without permission from the Bandidos OMG. Any person who wore a "Texas" bottom rocker or a 1% patch without permission was subject to assault or murder by the Bandidos OMG membership.

## Purposes of the Enterprise

13.     The purposes of the Bandidos OMG enterprise included, but were not limited to, the following:

a.    Preserving, protecting and enhancing the power, territory, reputation and profits of the Bandidos enterprise through the use of intimidation, destruction, violence, threats of violence, assault, murder, attempted murder, and robbery;

b.    Promoting and enhancing the Bandidos enterprise and its members' and associates' activities, including, but not limited to, the commission of robbery, including the forcible taking of property of rival motorcycle organizations, and other criminal activities, which enhances the status and prestige of the enterprise relative to other clubs;

c.    Enriching the enterprise leaders and members from a variety of illegal activities, including, but not limited to the illegal trafficking of controlled substances;

d.    Keeping victims, witnesses, potential informants, and the public at large in fear of the Bandidos enterprise, and in fear of its members and associates, through intimidation, violence and threats of violence; and

e.    Attacking and retaliating against rival gang members through acts of violence, including, but not limited to, acts involving murder and assault.

## Manner and Means of the Enterprise

14.    The manner and means by which leaders, members, and associates of the Bandidos conducted and participated in the conduct of the affairs of the enterprise included, but were not limited to, the following:

a.    The leaders of the enterprise directed, sanctioned, approved and permitted other members, associates, and prospects of the enterprise to carry out criminal acts on behalf of the enterprise and in furtherance of the enterprise's goals and interests.

b.    Members and associates of the Bandidos enterprise committed, conspired to commit, and threatened to commit acts of violence, including murder, attempted murder,

assault, arson, and intimidation to protect the enterprise's power, territory, reputation, and property.

c.     Members and associates of the Bandidos enterprise promoted a climate of fear through intimidation, violence, and threats of violence.

d.     Members and associates of the Bandidos enterprise used and threatened to use physical violence against various individuals, including rival motorcycle organization members.

e.     Members and associates of the Bandidos enterprise committed, and conspired to commit robbery, including robbery of property belonging to rival motorcycle organizations.

f.     Members and associates of the Bandidos enterprise were financially enriched through the illegal distribution of controlled substances, including cocaine.

g.     Members and associates of the Bandidos enterprise used intimidation to dissuade other motorcycle organizations from associating with Bandidos rivals and to persuade those organizations to become Bandidos support clubs.

h.     Members and associates of the Bandidos enterprise traveled in interstate commerce, and used facilities in interstate commerce, to further the goals of the enterprise and achieve its purposes, including planning and commission of acts of violence.

i.     Members and associates of the Bandidos enterprise talked "in code" when communicating over the telephone and through other means to avoid law enforcement detection, and communication in person was always preferred.

j.     Members and associates of the Bandidos enterprise were forbidden from cooperating with law enforcement. Attorney's fees were paid for by the enterprise when

members were arrested for club-related business and to ensure silence was maintained. If a member or associate was believed to be cooperating with law enforcement, that member or associate was subject to assault and/or expulsion from the enterprise.

## COUNT ONE
*(Racketeering Conspiracy)*

15.    Paragraphs One through Fourteen of this Second Superseding Indictment are incorporated and realleged as if fully set forth herein.

16.    Beginning on an unknown date, but no later than in or about 2019, and continuing through on or about the date of this Second Superseding Indictment, in the Southern District of Texas, and elsewhere, the defendants,

**JOHN M. PFEFFER, a/k/a "BIG JOHN,"**

**MICHAEL H. DUNPHY, a/k/a "MONEY MIKE,"**

**DARVI HINOJOSA, a/k/a "10 ROUND,"**

**BRADLEY RICKENBACKER, a/k/a "DOLLA BILL,"**

**ROY GOMEZ, a/k/a "REPO,"**

**CHRISTOPHER SANCHEZ, a/k/a "MONSTER,"** and

**BRANDON K. HANTZ, a/k/a "LOCO" and "GUN DROP,"**

each being a person employed by and associated with the Bandidos OMG, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined

in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering consisted of:

    a.   multiple acts involving:

        i.   murder, chargeable under Texas Penal Code, Sections 19.02, 7.01, 7.02, 15.01, and 15.02;

        ii.   robbery, chargeable under Texas Penal Code, Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02; and

        iii.   arson, chargeable under Texas Penal Code, Sections 28.02, 7.01, 7.02, 15.01, and 15.02;

    b.   multiple offenses involving

trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841, 843(b), and 846; and

    c.   multiple acts indictable under:

        i.   Title 18, United States Code, Section 1512 (relating to tampering with a witness, victim, or an informant); and

        ii.   Title 18, United States Code, Section 1513 (relating to retaliating against a witness, victim, or an informant).

17.    It was further a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

## Overt Acts

18.    In furtherance of the racketeering conspiracy, and to effect the objects and purposes thereof, the defendants, **JOHN M. PFEFFER, a/k/a "BIG JOHN," MICHAEL H. DUNPHY,**

a/k/a **"MONEY MIKE," DARVI HINOJOSA,** a/k/a **"10 ROUND," BRADLEY RICKENBACKER,** a/k/a **"DOLLA BILL," ROY GOMEZ,** a/k/a **"REPO," CHRISTOPHER SANCHEZ,** a/k/a **"MONSTER,"** and **BRANDON K. HANTZ,** a/k/a **"LOCO"** and **"GUN DROP,"** together with others known and unknown to the Grand Jury, committed, and caused to be committed, various overt acts within the Southern District of Texas and elsewhere, including but not limited to, the following:

Overt Act No. 1: In or about 2020, **DUNPHY** ordered Bandidos members and associates to "smash on site," that is assault or kill any rival B*EAST member that a Bandidos member or associate encountered.

Overt Act No. 2: On or about September 26, 2020, **PFEFFER, RICKENBACKER**, and **GOMEZ**, together with other known and unknown Bandidos members and associates, went to the Hawg Stop Bar and Grill in the Southern District of Texas.

Overt Act No. 3: On or about September 26, 2020, **PFEFFER** and **GOMEZ**, together with other known and unknown Bandidos members and associates, assaulted and attempted to rob A.B.

Overt Act No. 4: On or about September 26, 2020, **PFEFFER** and **GOMEZ**, together with other known and unknown Bandidos members and associates, shot and killed A.B.

Overt Act No. 5: On or about September 26, 2020, **RICKENBACKER** prevented B*EAST member R.C. from assisting A.B.

Overt Act No. 6: On or about September 26, 2020, **RICKENBACKER** assaulted and robbed R.C.

Overt Act No. 7: On or about November 2, 2021, **VARGAS**, together with other known and unknown Bandidos members and associates, shot and killed M.Z.

14

Overt Act No. 8: On or about November 2, 2021, **VARGAS**, together with other known and unknown Bandidos members and associates, shot K.C. and D.M.

Overt Act No. 9: On or about February 23, 2023, **PFEFFER, HINOJOSA, RICKENBACKER, DUNPHY, HANTZ,** and **SANCHEZ** went to a Bandidos OMG meeting with other Bandidos OMG members and associates at the Bimboz Bar and Grill.

Overt Act No. 10: On or about February 23, 2023, **DUNPHY** told Bandidos prospective members to "put their gloves on" and rough up any Greybeard Motorcycle Club ("MC") members who tried to leave Bimboz Bar and Grill.

Overt Act No. 11: On or about February 23, 2023, **PFEFFER** questioned Greybeard member P.A. about the Greybeard MC's loyalty to the Bandidos OMG.

Overt Act No. 12: On or about February 23, 2023, **PFEFFER, HINOJOSA, RICKENBACKER, DUNPHY, HANTZ,** and **SANCHEZ**, together with other known and unknown Bandidos OMG members and associates, assaulted and aided and abetted the assault of 14 Greybeard MC members.

Overt Act No. 13: On or about February 23, 2023, **PFEFFER, HINOJOSA, RICKENBACKER, DUNPHY, HANTZ,** and **SANCHEZ**, together with other known and unknown Bandidos OMG members and associates, robbed and aided and abetted the robbery of the Greybeard MC members.

Overt Act No. 14: In or about February or March 2023, Bandidos OMG members sent, via messaging applications, a photo of the Greybeard MC members' stolen cuts laid out on a garage floor.

Overt Act No. 15: On or about June 2, 2023, a prospective Bandidos OMG member called **HINOJOSA** and told him that two B*EAST members were at Winters Bar.

Overt Act No. 16: On or about June 2, 2023, **HINOJOSA** exchanged phone calls with the prospective Bandidos OMG member to get updates on the B\*EAST members and their movements.

Overt Act No. 17: On or about June 2, 2023, to June 3, 2023, **HINOJOSA** exchanged phone calls with other Bandidos OMG members and associates, including **Sblendorio**.

Overt Act No. 18: On or about June 3, 2023, **Sblendorio** drove a fellow Bandidos OMG member to the area of Winters Bar.

Overt Act No. 19: On or about June 3, 2023, just after 1:00 am, as N.B. was leaving Winters Bar in his B\*EAST cut, **Sblendorio** drove up parallel to N.B. while a Bandidos member in the car driven by **Sblendorio** shot N.B. approximately seven times.

Overt Act No. 20: On or about June 4, 2023, **HINOJOSA** showed a prospective Bandidos OMG member a photo of an individual in a hospital bed and said it was one of the B\*EAST members from Winters Bar.

Overt Act No. 21: On or about August 3, 2023, **HINOJOSA** gave a Bandidos OMG prospective member a black saddle bag that would typically be carried on the side of a motorcycle. The black saddle bag contained baggies of cocaine, a digital scale, a partially loaded nine-millimeter magazine, loose ammunition, and a pill bottle displaying **HINOJOSA's** name.

Overt Act No. 22: On or about August 17, 2023, **SANCHEZ**, together with other Bandidos OMG members and associates, arrived at the Harley Davidson Dealership located on Interstate Highway 45 South in The Woodlands, Texas.

Overt Act No. 23: On or about August 17, 2023, **SANCHEZ** watched members of the Wheels of Soul OMG, a Bandidos OMG rival, at the Harley Davidson Dealership.

16

Overt Act No. 24: On or about August 17, 2023, **SANCHEZ** put a firearm against the back of a Wheels of Soul OMG member and threatened him.

Overt Act No. 25: On or about August 17, 2023, **SANCHEZ**, together with other Bandidos OMG members and associates, assaulted and robbed two Wheels of Soul OMG members.

Overt Act No. 26: On October 1, 2023, **HINOJOSA** possessed cocaine.

Overt Act No. 27: On October 1, 2023, **HINOJOSA** distributed 6.85 grams of cocaine to a prospective Bandidos OMG member.

Overt Act No. 28: On October 14, 2023, **HINOJOSA** possessed cocaine.

Overt Act No. 29: On October 14, 2023, **HINOJOSA** distributed one ounce of cocaine to a prospective Bandidos OMG member, in exchange for $700.

Overt Act No. 30: On or about December 14, 2023, **HANTZ**, together with two Bandidos OMG members and associates, drove to the County Line Icehouse located at 24750 Fort Road, Porter, Texas.

Overt Act No. 31: On or about December 14, 2023, **HANTZ**, together with two Bandidos OMG members and associates, set fire to the County Line Icehouse using an accelerant mixture.

Overt Act No. 30: On or about March 29, 2024, **PFEFFER** threatened an individual for speaking with law enforcement.

### Notice of Special Sentencing Factors

19.     As part of their agreement to conduct and participate in the conduct of the affairs of the Bandidos OMG enterprise through a pattern of racketeering activity, the following defendants committed the following acts: on or about September 26, 2020, in the Southern District of Texas, **PFEFFER** and **GOMEZ**, while aiding and abetting each other, intentionally and

knowingly caused the death of an individual, to wit, **PFEFFER** and **GOMEZ**, aiding and abetting one another, shot and killed A.B, in violation of Texas Penal Code §§ 19.02, 7.01, and 7.02.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO
*(Assault with a Dangerous Weapon in Aid of Racketeering Activity and Assault Resulting in Serious Bodily Injury in Aid of Racketeering Activity)*

20.     Paragraphs One through Fourteen of this Second Superseding Indictment are incorporated and realleged as if fully set forth herein.

21.     The Bandidos OMG, through its leaders, members, associates, and prospects, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02.

22.     On or about September 26, 2020, in the Southern District of Texas, the defendants,

**ROY GOMEZ, a/k/a "REPO,"**

**MARKY BAKER, a/k/a "PINCHE GUERO" and "GUERO,"**

**JOHN M. PFEFFER, a/k/a "BIG JOHN,"**

**MARCEL LETT,**

**BRADLEY RICKENBACKER, a/k/a "DOLLA BILL,"**

**RONNIE MCCABE, a/k/a "MEATHEAD,"** and

**JEREMY COX, a/k/a "JD,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos OMG, an enterprise engaged in racketeering activity, with others known and unknown to the Grand Jury, did knowingly and intentionally assault A.B. with a dangerous weapon, and did aid and abet the same, and did knowingly and intentionally assault A.B. resulting in serious bodily injury to A.B., and did aid and abet the same, in violation of Texas Penal Code, Sections 22.02(a)(1) and (a)(2), 7.01, and 7.02.

18

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

### COUNT THREE
*(Using, Carrying, Brandishing, and Discharging a Firearm*
*During and in Relation to a Crime of Violence)*

23.     On or about September 26, 2020, in the Southern District of Texas, the defendants,

**MARKY BAKER, a/k/a "PINCHE GUERO" and "GUERO,"**

**MARCEL LETT,**

**BRADLEY RICKENBACKER, a/k/a "DOLLA BILL,"**

**RONNIE MCCABE, a/k/a "MEATHEAD," and**

**JEREMY COX, a/k/a "JD,"**

with others known and unknown to the Grand Jury, each aided and abetted by the other, did

knowingly and intentionally use, carry, brandish, and discharge a firearm during and in relation to

a crime of violence for which each may be prosecuted in a court of the United States, that is,

Assault with a Dangerous Weapon in Aid of Racketeering Activity and Assault Resulting in

Serious Bodily Injury in Aid of Racketeering Activity, in violation of Title 18, United States Code,

Sections 1959(a)(3) and 2, as set forth and charged in Count Two of this Second Superseding

Indictment, and knowingly possessed a firearm in furtherance of such crime.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

### COUNT FOUR
*(Using, Carrying, Brandishing, and Discharging a Firearm*
*During and in Relation to a Crime of Violence)*

24.     Paragraphs 20 through 21 of Count Two are incorporated and realleged as if fully

set forth therein.

25.     On or about September 26, 2020, in the Southern District of Texas, the defendants,

**ROY GOMEZ, a/k/a "REPO" and**

**JOHN M. PFEFFER, a/k/a "BIG JOHN"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos

OMG, an enterprise engaged in racketeering activity, while aiding and abetting each other, did

murder A.B., in violation of Texas Penal Code, §§ 19.02, 7.01, and 7.02, in violation of Title 18

United States Code, Sections 1959(a)(1) and 2.

26.    On or about September 26, 2020, in the Southern District of Texas, the defendants,

**ROY GOMEZ, a/k/a "REPO" and**

**JOHN M. PFEFFER, a/k/a "BIG JOHN"**

with others known and unknown to the Grand Jury, each aided and abetted by the other, did

knowingly and intentionally use, carry, brandish, and discharge a firearm during and in relation to

a crime of violence for which each may be prosecuted in a court of the United States, that is,

Assault with a Dangerous Weapon in Aid of Racketeering Activity and Assault Resulting in

Serious Bodily Injury in Aid of Racketeering Activity, in violation of Title 18, United States Code,

Sections 1959(a)(3) and 2, as set forth and charged in Count Two of this Second Superseding

Indictment; and Murder in Aid of Racketeering, in violation of Title 18 United States Code,

Sections 1959(a)(1) and 2  as set forth above, and knowingly possessed a firearm in furtherance of

such crime.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT FIVE
*(Using, Carrying, Brandishing and Discharging a Firearm During and in Relation to
a Crime of Violence Resulting in Death)*

27.    Paragraphs 24 through 26 of Count Four are incorporated and realleged as if fully

set forth therein.

28.    On or about September 26, 2020, in the Southern District of Texas, the defendants,

**ROY GOMEZ, a/k/a "REPO" and**

**JOHN M. PFEFFER, a/k/a "BIG JOHN"**

in the course of a violation of Title 18, United States Code, Section 924(c), as set forth and charged

in Count Four of this Second Superseding Indictment, did cause the death of A.B. through the use

of a firearm, which killing constituted murder, as defined in Title 18, United States Code, Section

1111, and did aid and abet the same.

All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

<u>**COUNT SIX**</u>
*(Murder in Aid of Racketeering Activity)*

29.    Paragraphs One through Fourteen of this Second Superseding Indictment are

incorporated and realleged as if fully set forth herein.

30.    The Bandidos OMG, through its leaders, members, associates, and prospects,

engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1)

and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections

29.02, 29.03, 7.01, 7.02, 15.01, and 15.02.

31.    On or about November 2, 2021, in the Southern District of Texas, the defendant,

**DAVID VARGAS, a/k/a "BRAKE CHECK" and "FIRST TIME,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos

OMG, an enterprise engaged in racketeering activity, with others known and unknown to the

Grand Jury, did murder M.Z., and did aid and abet the same, in violation of Texas Penal Code,

Sections 19.02(b)(1), 7.01, and 7.02.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT SEVEN
*(Using, Carrying, Brandishing, Discharging, and Possessing a Firearm
During and in Relation to a Crime of Violence Resulting in Death)*

32.     On or about November 2, 2021, in the Southern District of Texas, the defendant,

**DAVID VARGAS, a/k/a "BRAKE CHECK" and "FIRST TIME,"**

and others known and unknown to the Grand Jury, did violate Title 18, United States Code, Sections 924(c), that is did unlawfully, knowingly, and intentionally use, carry, brandish and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, murder in aid of racketeering of M.Z., in violation of Title 18, United States Code, Sections 1959(a)(1) and (2), as charged in Count Six of this Second Superseding Indictment, which is incorporated herein, and in the course of committing said offense, did cause the death of M.Z. through the use of a firearm, which killing constituted murder, as defined in Title 18, United States Code, Section 1111, and did aid and abet the same.

All in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT EIGHT
*(Attempted Murder in Aid of Racketeering Activity)*

33.     Paragraphs One through Fourteen of this Second Superseding Indictment are incorporated and realleged as if fully set forth herein.

34.     The Bandidos OMG, through its leaders, members, associates, and prospects, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02.

35.     On or about November 2, 2021, in the Southern District of Texas, the defendant,

**DAVID VARGAS, a/k/a "BRAKE CHECK" and "FIRST TIME,"**

22

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos OMG, an enterprise engaged in racketeering activity, with others known and unknown to the Grand Jury, did knowingly attempt to murder K.C., and did aid and abet the same, in violation of Texas Penal Code, Sections 19.02(b)(1), 7.01, 7.02, and 15.01, all in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

## COUNT NINE
*(Attempted Murder in Aid of Racketeering Activity)*

36.    Paragraphs One through Fourteen of this Second Superseding Indictment are incorporated and realleged as if fully set forth herein.

37.    The Bandidos OMG, through its leaders, members, associates, and prospects, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02.

38.    On or about November 2, 2021, in the Southern District of Texas, the defendant,

**DAVID VARGAS, a/k/a "BRAKE CHECK" and "FIRST TIME,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos OMG, an enterprise engaged in racketeering activity, with others known and unknown to the Grand Jury, did knowingly and intentionally attempt to murder D.M., and did aid and abet the same, in violation of Texas Penal Code, Sections 19.02(b)(1), 7.01, 7.02, and 15.01.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

## COUNT TEN
*(Using, Carrying, Brandishing, Discharging, and Possessing a Firearm During and in Relation to a Crime of Violence)*

39.    On or about November 2, 2021, in the Southern District of Texas, the defendant,

**DAVID VARGAS, a/k/a "BRAKE CHECK" and "FIRST TIME,"**

while aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally use, carry, brandish, and discharge a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, attempted murder, in violation of Title 18, United States Code, Sections 1959(a)(3) and (5), as set forth and charged in Counts Eight and Nine of this Second Superseding Indictment, and knowingly possessed a firearm in furtherance of such crime.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT ELEVEN
*(Assault Resulting in Serious Bodily Injury in Aid of Racketeering Activity)*

40.     Paragraphs One through Fourteen of this Second Superseding Indictment are incorporated and realleged as if fully set forth herein.

41.     The Bandidos OMG, through its leaders, members, associates, and prospects, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02, and acts involving murder chargeable under Texas Penal Code Sections 19.02, 7.01, 7.02, 15.01, and 15.02, and multiple offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841, 843(b), and 846.

42.     On or about February 23, 2023, in the Southern District of Texas, the defendants,

**MICHAEL H. DUNPHY, a/k/a "MONEY MIKE,"**

**JOHN M. PFEFFER, a/k/a "BIG JOHN," and**

**CHRISTOPHER SANCHEZ, a/k/a "MONSTER,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos OMG, an enterprise engaged in racketeering activity, with others known and unknown to the Grand Jury, did knowingly and intentionally assault C.J. resulting in serious bodily injury, and aided and abetted the same, in violation of Texas Penal Code, Sections 22.02(a)(1), 7.01, and 7.02.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT TWELVE
*(Conspiracy to Commit Murder in Aid of Racketeering Activity)*

43.     Paragraphs One through Fourteen of this Second Superseding Indictment are incorporated and realleged as if fully set forth herein.

44.     The Bandidos OMG, through its leaders, members, associates, and prospects engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02, and acts involving murder chargeable under Texas Penal Code Sections 19.02, 7.01, 7.02, 15.01, and 15.02, and multiple offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841, 843(b), and 846.

45.     Beginning on an unknown date, but no later than on or about June 2, 2023, and continuing through at least on or about June 4, 2023, in the Southern District of Texas and elsewhere, the defendants,

**DARVI HINOJOSA, a/k/a "10 ROUND,"** and

**JOHN SBLENDORIO, a/k/a "TECH9,"**

and other members and associates of the Bandidos OMG known and unknown to the Grand Jury, for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos

OMG, an enterprise engaged in racketeering activity, did knowingly and intentionally combine, conspire, confederate and agree together and with each other to murder N.B., in violation of Texas Penal Code Sections 19.02(b)(1) and 15.02.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

## COUNT THIRTEEN
*(Attempted Murder in Aid of Racketeering Activity)*

46.     Paragraphs One through Fourteen of this Second Superseding Indictment are incorporated and realleged as if fully set forth herein.

47.     The Bandidos OMG, through its leaders, members, associates, and prospects, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02, and acts involving murder chargeable under Texas Penal Code Sections 19.02, 7.01, 7.02, 15.01, and 15.02, and multiple offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841, 843(b), and 846.

48.     On or about June 3, 2023, in the Southern District of Texas and elsewhere, the defendants,

**DARVI HINOJOSA, a/k/a "10 ROUND,"** and

**JOHN SBLENDORIO, a/k/a "TECH9,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos OMG, an enterprise engaged in racketeering activity, with others known and unknown to the Grand Jury, did knowingly and intentionally attempt to murder N.B., and aided and abetted the same, in violation of Texas Penal Code Sections 19.02(b)(1), 7.01, 7.02, and 15.01.

26

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

## COUNT FOURTEEN
*(Assault with a Dangerous Weapon in Aid of Racketeering Activity and
Assault Resulting in Serious Bodily Injury in Aid of Racketeering)*

49.    Paragraphs One through Fourteen of this Second Superseding Indictment are incorporated and realleged as if fully set forth herein.

50.    The Bandidos OMG, through its leaders, members, associates and prospects, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02, and acts involving murder chargeable under Texas Penal Code Sections 19.02, 7.01, 7.02, 15.01, and 15.02, and multiple offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841, 843(b), and 846.

51.    On or about June 3, 2023, in the Southern District of Texas and elsewhere, the defendants,

**DARVI HINOJOSA, a/k/a "10 ROUND," and**

**JOHN SBLENDORIO, a/k/a "TECH9,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos OMG, an enterprise engaged in racketeering activity, with others known and unknown to the Grand Jury, did knowingly and intentionally assault N.B. with a dangerous weapon, and did knowingly and intentionally assault N.B. resulting in serious bodily injury, and aided and abetted the same, in violation of Texas Penal Code, Sections 22.02(a)(1)–(2), 7.01, and 7.02.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

**COUNT FIFTEEN**
*(Using, Carrying, Brandishing, Discharging, and Possessing a Firearm
During and In Relation to a Crime of Violence)*

52.     On or about June 3, 2023, in the Southern District of Texas and elsewhere, the

defendants,

**DARVI HINOJOSA, a/k/a "10 ROUND," and**

**JOHN SBLENDORIO, a/k/a "TECH9,"**

while aiding and abetting each other, did knowingly and intentionally use, carry, brandish, and

discharge a firearm during and in relation to a crime of violence for which each may be prosecuted

in a court of the United States, that is, attempted murder in aid of racketeering activity and assault

in aid of racketeering activity, in violation of Title 18, United States Code, Sections 1959(a)(3)

and (5) and Section 2, as set forth and charged in Counts Thirteen and Fourteen of this Second

Superseding Indictment, and knowingly possessed a firearm in furtherance of such crime.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

**COUNT SIXTEEN**
*(Assault with a Dangerous Weapon in Aid of Racketeering Activity)*

53.     Paragraphs One through Fourteen of this Second Superseding Indictment are

incorporated and realleged as if fully set forth herein.

54.     The Bandidos OMG, through its leaders, members, associates, and prospects,

engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1)

and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections

29.02, 29.03, 7.01, 7.02, 15.01, and 15.02, acts involving murder chargeable under Texas Penal

Code Sections 19.02, 7.01, 7.02, 15.01, and 15.02, and multiple offenses involving trafficking in

controlled substances, in violation of Title 21, United States Code, Sections 841, 843(b), and 846.

28

55.     On or about August 17, 2023, in the Southern District of Texas and elsewhere, the defendant,

**CHRISTOPHER SANCHEZ, a/k/a "MONSTER,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos OMG, an enterprise engaged in racketeering activity, with others known and unknown to the Grand Jury, did knowingly and intentionally assault D.W. with a dangerous weapon, and aided and abetted the same, in violation of Texas Penal Code, Sections 22.02(a)(2), 7.01, and 7.02.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT SEVENTEEN
*(Using, Carrying, Brandishing, and Possessing a Firearm
During and In Relation to a Crime of Violence)*

56.     On or about August 17, 2023, in the Southern District of Texas and elsewhere, the defendant,

**CHRISTOPHER SANCHEZ, a/k/a "MONSTER,"**

While aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally use, carry, and brandish a firearm, that is, a handgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, assault with a deadly weapon in aid of racketeering activity, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2, as set forth and charged in Count Sixteen of this Second Superseding Indictment, and knowingly possessed a firearm in furtherance of such crime.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

**COUNT EIGHTEEN**
*(Conspiracy to Distribute Cocaine)*

57.     Beginning on an unknown date, but no later than on or about August 3, 2023, and continuing through at least on or about October 29, 2024, said dates being approximate, within the Southern District of Texas, and elsewhere, the defendant,

**DARVI HINOJOSA, a/k/a "10 ROUND,"**

did unlawfully, knowingly, and intentionally conspire and agree with others, both known and unknown to the Grand Jury, to possess with the intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

**COUNT NINETEEN**
*(Possession with Intent to Distribute and Distribution of Cocaine)*

58.     On or about August 3, 2023, in the Southern District of Texas, the defendant,

**DARVI HINOJOSA, a/k/a "10 ROUND,"**

did unlawfully, knowingly, and intentionally possess with the intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

**COUNT TWENTY**
*(Possession with Intent to Distribute and Distribution of Cocaine)*

59.     On or about October 1, 2023, in the Southern District of Texas, the defendant,

**DARVI HINOJOSA, a/k/a "10 ROUND,"**

30

did unlawfully, knowingly, and intentionally possess with the intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWENTY-ONE
*(Possession with Intent to Distribute and Distribution of Cocaine)*

60.     On or about October 14, 2023, in the Southern District of Texas, the defendant,

**DARVI HINOJOSA, a/k/a "10 ROUND,"**

did unlawfully, knowingly, and intentionally possess with the intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWENTY-TWO
*(Arson of a Building Used in Interstate Commerce)*

61.     On or about December 14, 2023, in the Southern District of Texas, the defendant,

**BRANDON K. HANTZ, a/k/a "LOCO" and "GUN DROP,"**

while aided and abetted by others known to the Grand Jury, did maliciously damage and destroy, and attempt to damage and destroy, by means of fire and explosive materials, the building at 24750 Ford Road, Porter, Texas, commonly known as the County Line Ice House, used in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 844(i) and 2.

## COUNT TWENTY-THREE
*(Felon in Possession of a Firearm)*

62.     On or about April 11, 2024, in the Southern District of Texas, the defendant,

31

**CHRISTOPHER SANCHEZ, a/k/a "MONSTER,"**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit: a Taurus brand, .38 special-caliber revolver bearing serial number ADC066622; a Kimber brand, .45-caliber handgun bearing serial number KU382331; and a Smith & Wesson brand, SD40VE model, .40-caliber handgun bearing serial number FYS0281, and said firearms had been transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT TWENTY-FOUR
*(Possession with Intent to Distribute Cocaine)*

63.    On or about July 31, 2024, in the Southern District of Texas, the defendant,

**SEAN G. CHRISTISON, a/k/a "SKINMAN,"**

did unlawfully, knowingly, and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWENTY-FIVE
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

64.    On or about July 31, 2024, in the Southern District of Texas, the defendant,

**SEAN G. CHRISTISON, a/k/a "SKINMAN,"**

did knowingly possess a firearm, that is, a Beretta, semi-automatic, .380-caliber handgun, in furtherance of a drug trafficking crime, namely, possession with the intent to distribute cocaine, as charged in Count Twenty-Four of this Second Superseding Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT TWENTY-SIX
*(Felon in Possession of a Firearm)*

65.    On or about February 19, 2025, in the Southern District of Texas, the defendant,

**CHRISTOPHER SANCHEZ, a/k/a "MONSTER,"**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit: a Winchester brand, 20-gauge shotgun bearing serial number L1496868, and said firearm had been transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT TWENTY-SEVEN
*(Felon in Possession of a Firearm)*

66.    On or about February 19, 2025, in the Southern District of Texas, the defendant,

**ROY GOMEZ, a/k/a "REPO,"**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess at least one firearm, to wit: a DERYA Arms brand, VRBP-100 model, 12-gauge, semi-automatic shotgun bearing serial number R513227; a CANIK brand, SFx Rival model, nine-millimeter handgun bearing serial number T6472-23CM21841; a Metro Arms brand, American Classic Amigo model, .45-caliber handgun bearing serial number A18-05574; a Romarm CUGIR brand, Draco model, 7.62-caliber handgun bearing serial number ROA 22 DG-8300; a CBC Braztech International brand, .22-caliber rifle bearing serial number 7CL093333R; a New England brand, Pardner model, .410 shotgun bearing serial number NT202687; and a S&W brand, M&P 9 Shield EZ model, nine-millimeter handgun bearing serial number NMU9536, and said firearms had been transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT TWENTY-EIGHT
*(Receipt of a Firearm While Under Indictment for a Felony)*

67.     On or about February 19, 2025, in the Southern District of Texas, the defendant,

**ROY GOMEZ, a/k/a "REPO,"**

who was then knowingly under indictment for a crime punishable by imprisonment for a term exceeding one year, did knowingly receive at least one firearm, to wit: a DERYA Arms brand, VRBP-100 model, 12-gauge, semi-automatic shotgun bearing serial number R513227; a CANIK brand, SFx Rival model, nine-millimeter handgun bearing serial number T6472-23CM21841; a Metro Arms brand, American Classic Amigo model, .45-caliber handgun bearing serial number A18-05574; a Romarm CUGIR brand, Draco model, 7.62-caliber handgun bearing serial number ROA 22 DG-8300; a CBC Braztech International brand, .22-caliber rifle bearing serial number 7CL093333R; a New England brand, Pardner model, .410 shotgun bearing serial number NT202687; and a S&W brand, M&P 9 Shield EZ model, nine-millimeter handgun bearing serial number NMU9536, and said firearms had been transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 922(n).

## COUNT TWENTY-NINE
*(Possession with Intent to Distribute Five or More Grams of Actual Methamphetamine)*

68.     On or about February 19, 2025, in the Southern District of Texas, the defendant,

**MARKY BAKER, a/k/a "PINCHE GUERO" and "GUERO"**

did unlawfully, knowingly, and intentionally possess with the intent to distribute five grams or more of actual methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT THIRTY

*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

69.    On or about February 19, 2025, in the Southern District of Texas, the defendant,

**MARKY BAKER, a/k/a "PINCHE GUERO" and "GUERO"**

did knowingly possess at least one firearm in furtherance of a drug trafficking crime, namely, possession with the intent to distribute methamphetamine, as charged in Count Twenty-Nine of this Second Superseding Indictment, and knowingly possessed a firearm in furtherance of such crime.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT THIRTY-ONE
*(Felon in Possession of a Firearm)*

70.    On or about February 19, 2025, in the Southern District of Texas, the defendant,

**MARKY BAKER, a/k/a "PINCHE GUERO" and "GUERO"**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess at least \one firearm, to wit: a Heritage brand, MFG model, .22-caliber revolver with an obliterated serial number; a Phoenix brand, Raven model, .25-caliber, semi-automatic handgun bearing serial number 3069333; a Stevens brand, 59A model, .410 shotgun; a Mossberry brand, Hogue model, 12-gauge shotgun; and a Jiminez Arms brand, nine-millimeter handgun, and said firearms had been transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT THIRTY-TWO
*(Possession of a Firearm with an Obliterated Serial Number)*

71.     On or about February 19, 2025, in the Southern District of Texas, the defendant,

**MARKY BAKER, a/k/a "PINCHE GUERO" and "GUERO"**

did knowingly possess a firearm, to wit: a Heritage brand, MFG model, .22-caliber revolver with

an obliterated serial number, which had the importer's or manufacturer's serial number removed,

altered, and obliterated, and said firearm had been transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

## COUNT THIRTY-THREE
*(Tampering with a Witness, Victim, or Informant)*

72.     On or about March 29, 2024, in the Southern District of Texas, the defendant,

**JOHN M. PFEFFER, a.k.a. "BIG JOHN,"**

did knowingly intimidate and threaten, and attempt to intimidate and threaten, Witness—whose

identity is known to the Grand Jury—with the intent to influence, delay, and prevent the testimony

of Witness in an official proceeding, in violation of Title 18, United States Code, Section

1512(b)(1).

## COUNT THIRTY-FOUR
*(Retaliation Against a Witness, Victim, or Informant)*

73.     On or about March 29, 2024, in the Southern District of Texas, the defendant,

**JOHN M. PFEFFER, a.k.a. "BIG JOHN,"**

did knowingly threaten to cause bodily injury to Witness, with the intent to retaliate against

Witness for information given by Witness to a law enforcement officer relating to the commission

and possible commission of a Federal offense, in violation of Title 18, United States Code, Section

1513(b)(2).

## FORFEITURE ALLEGATION

74.    The allegations contained in Count One of this Second Superseding Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963 and Title 21 United States Code, Section 853. Upon conviction of the offense charged in Count One of this Second Superseding Indictment, the defendants, **JOHN M. PFEFFER, a/k/a "BIG JOHN," MICHAEL H. DUNPHY, a/k/a "MONEY MIKE," DARVI HINOJOSA, a/k/a "10 ROUND," BRADLEY RICKENBACKER, a/k/a "DOLLA BILL," ROY GOMEZ, a/k/a "REPO," CHRISTOPHER SANCHEZ, a/k/a "MONSTER,"** and **BRANDON K. HANTZ, a/k/a "LOCO"** and **"GUN DROP,"** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1963 and Federal Rule of Criminal Procedure 32.2:

1.1.    any interest the defendant acquired or maintained in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

1.2.    any interest in, security of, claim against, or property or contractual rights of any kind which afford a source of influence over, the enterprise named and described herein, which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

1.3.    any property constituting and derived from, proceeds obtained, directly and indirectly, from aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

75.     The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963 include the amount of gross proceeds received by the defendant derived from racketeering activities as alleged in Count One of this Information.

### Substitute Assets

76.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

1.4.     cannot be located upon the exercise of due diligence;

1.5.     has been transferred or sold to, or deposited with, a third party;

1.6.     has been placed beyond the jurisdiction of the Court;

1.7.     has been substantially diminished in value; or

1.8.     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

All in accordance with Title 18, United States Code, Section 1963.

77.     Moreover, the allegations contained in Counts 23, 25–28, and 30–31 of this Second Superseding Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

78.     Upon conviction of the offense in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) set forth in Counts 23, 25–28, and 30–31 of this Second Superseding Indictment, the defendants, **CHRISTOPHER SANCHEZ, a/k/a "MONSTER," SEAN G. CHRISTISON, a/k/a "SKINMAN," ROY GOMEZ, a/k/a "REPO,"** and **MARKY**

**BAKER, a/k/a "PINCHE GUERO" and "GUERO"** shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved or used in the commission of the offenses, including, but not limited to: a Taurus brand, .38 special-caliber revolver bearing serial number ADC066622; a Kimber brand, .45-caliber handgun bearing serial number KU382331; and a Smith & Wesson brand, SD40VE model, .40-caliber handgun bearing serial number FYS0281, and a Winchester brand, 20-gauge shotgun bearing serial number L1496868, and associated ammunition, all seized from **SANCHEZ** on or about April 11, 2024, and February 19, 2025; a Beretta, semi-automatic, .380-caliber handgun bearing serial number E42872Y, and associated ammunition, all seized from **CHRISTISON** on or about July 31, 2024; a DERYA Arms brand, VRBP-100 model, 12-gauge, semi-automatic shotgun bearing serial number R513227; a CANIK brand, SFx Rival model, nine-millimeter handgun bearing serial number T6472-23CM21841; a Metro Arms brand, American Classic Amigo model, .45-caliber handgun bearing serial number A18-05574; a Romarm CUGIR brand, Draco model, 7.62-caliber handgun bearing serial number ROA 22 DG-8300; a CBC Braztech International brand, .22-caliber rifle bearing serial number 7CL093333R; a New England brand, Pardner model, .410 shotgun bearing serial number NT202687; and a S&W brand, M&P 9 Shield EZ model, nine-millimeter handgun bearing serial number NMU9536, and associated ammunition, all seized from **GOMEZ** on February 19, 2025; and a Heritage brand, MFG model, .22-caliber revolver with an obliterated serial number; a Phoenix brand, Raven model, .25-caliber, semi-automatic handgun bearing serial number 3069333; a Stevens brand, 59A model, .410 shotgun; a Mossberry brand, Hogue model, 12-gauge shotgun; and a Jiminez Arms brand, nine-millimeter handgun, and associated ammunition, all seized from **BAKER** on February 19, 2025.

All in accordance with Title 18, United States Code, Section 924(d); Title 28, United States

Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

### A TRUE BILL.

Original Signature on File

_____

**FOREPERSON OF THE GRAND JURY**

DATED: April 10, 2025

Houston, Texas

**NICHOLAS J. GANJEI**
United States Attorney
Southern District of Texas

Byron H. Black
Kelly Zenon-Matos
Assistant United States Attorneys
Southern District of Texas

Grace Bowen
Christopher Taylor
Trial Attorney
Violent Crime and Racketeering Section
U.S. Department of Justice

40